UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIPE FOWLKES,  ) | |
|      Plaintiff,  ) | |
| ) | C.A. No. 05-11749-JLT |
| v.  ) | C.A. No. 06-11699-JLT |
| ) | C.A. No. 07-12009-LTS |
| KATHLEEN M. DENNEHY, ET AL.,  ) | |
|      Defendants.  ) | |

MEMORANDUM AND ORDER RE:
MOTIONS FOR WAIVER/DEFERMENT OF FILING FEE OBLIGATIONS

TAURO, D.J.

BACKGROUND

On September 10, 2007, this Court dismissed Civil Action No. 05-11749-JLT as a sanction. See Order of Dismissal (Docket No. 82). Thereafter, on November 1, 2010, Plaintiff Felipe Fowlkes ("Fowlkes") filed a letter requesting a waiver or deferment of his obligations to pay the Court filing fees. Specifically, Fowlkes seeks to obtain a waiver or deferment of his obligations under the Prison Litigation Reform Act ("PLRA") with respect to five civil actions filed in this Court,[1] as well as two appeals in the United States Court of Appeals for the First Circuit.[2] See Request for Waiver or Deferment (Docket No. 87, docketed as a Motion for Leave to Proceed *in forma pauperis*). This same pleading was filed in Civil Action No. 07-12009-LTS

---

[1]These civil actions are: Civil Action Nos. 05-11749-JLT; 06-11699-JLT; 07-12009-JLT; 09-10180-JLT; and 09-10260-NG.

[2]These appeals are: No. 09-2394 and No. 09-2393.

1

(Docket No. 106) and Civil Action No. 06-11699-JLT (Docket No. 84).

As grounds for these motions, Fowlkes claims that he will suffer a hardship if he is required to pay the filing fee pursuant to 28 U.S.C. § 1915.  He contends that he has five more years of his prison sentence before he is parole eligible, or eight years if he is denied parole.  He is confined to protective custody and unable to obtain a prison job, and therefore has no source of income.  He has, on special occasions, received small amounts of money from family or friends, which he uses to purchase necessities; however, he has a poor, elderly mother who is unable to give him sufficient funds.  Further, Fowlkes asserts that all of his civil cases were either dismissed or denied, apart from the one case (Civil Action No. 09-10260-NG) in which he sought a voluntary dismissal.[3]  He states that he does not intend to file any more civil actions seeking *in forma pauperis* status in this Court.  He also states that:

> [A]s a condition to granting me a waiver or deferment on my obligation, your Court can place a bar on my ability to file under IFP in the future.  I would accept such a bar as a condition to a waiver or deferment while I'm imprisoned.  You could also waive or defer my obligation to pay the fees until I'm released from prison.

Request for Waiver or Deferment (Docket No. 87 at 2 in Civil Action No. 05-11749-JLT).

Finally, Fowlkes complains about the way the Treasurer's Office is deducting payments from his prison account.

## DISCUSSION

Fowlkes remains obligated to pay the filing fees in each of his civil actions as assessed by this Court, including the initial partial filing fee.  See <u>Purkey v. Green</u>, 28 Fed. Appx. 736, 746

---

[3] Fowles indicates that he is waiting for the entry of an Order of Dismissal in this action; however, the docket indicates that an Order of Dismissal issued on July 7, 2010 in light of Fowlkes's motion to dismiss.  See Order of Dismissal (Docket No. 38).

(10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, [the prisoner] is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d 601, 604-607 (6th Cir. 1997) (filing fee due when complaint filed; dismissal of a complaint does not eliminate prisoner's obligation to pay the required fees). This Court is unaware of any statutory authority by which a prisoner's filing fee obligations under the *in forma pauperis* statute may be vacated in whole or in part while imprisoned, nor has Plaintiff cited to any legal authority supporting his request for a waiver or deferment of any of his filing fee obligations. In enacting the PLRA, Congress has left little discretion to the courts in this area; under 28 U.S.C. § 1915(b), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). Additionally, Fowlkes's proposal to waive his right to seek *in forma pauperis* status in connection with future cases, or for the Court to issue an Order barring him from filing cases *in forma pauperis* as a condition for the waiver or deferment of his present filing fee debt, is wholly rejected. There is no legal authority presented for the proposition that a prisoner may bargain his rights to seek *in forma pauperis* status in connection with any future litigation in exchange for a waiver of his past filing fee obligations. Without belaboring the matter, Fowlkes's proposal is not legally sound and will not be considered by this Court.

Moreover, as an additional ground for denial of Fowlkes's request, this Court notes that the purposes of the PLRA would be undermined if a court were to waive the filing fees in whole or part in the type of situation presented here. Fowlkes has engaged, quite substantially, the resources of this Court and its staff by filing his cases; the matters required case opening and

processing, as well as statutory preliminary screenings and the issuance of various Orders in each of his cases. The filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.[4] Here, there is no good cause to relieve Fowlkes of his statutory obligations because he has made improvident filings in his cases, (*i.e.*, cases that resulted in dismissals or denials of relief).[5]

Further, to the extent that Fowlkes complains about the manner in which the Treasurer's Office is deducting funds from his prison account, he has not shown good cause for this Court to interfere with the administrative functions of the Treasurer's Office, particularly where he has not shown that he has exhausted his prison remedies. His contention that he will suffer a

---

[4] Additionally, it is noted that in the Memorandum and Order in Civil Action No. 05-11749-JLT imposing the sanction of dismissal without prejudice, this Court recognized that the sanction could have, *de facto*, a monetary consequence to Fowlkes (by requiring him to pay an additional filing fee should he wish to re-file his case). Thus, Fowlkes's request to waive the filing fee in the re-filed case (Civil Action No. 07-12009-LTS) is, in essence, a partial request for this Court to waive the impact of the sanction.

[5] See McGore v. Wrigglesworth, 114 F.3d at 607 ("Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility." (internal citation omitted)), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007). Additionally, one of the purposes of the filing fee requirement of the PLRA is to reduce frivolous lawsuits -- would be frustrated. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) ("The Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321, enacted in April 1996, contains provisions that should discourage prisoners from filing claims that are unlikely to succeed. Among the many new changes relating to civil suits, the statute requires all inmates to pay filing fees . . . ."); Hall v. United States, 91 Fed. Cl. 762, 678 (2010) ("By enacting section 1915, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." (internal quotation marks omitted)); Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (fee provisions of the PLRA are intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." (internal quotation marks omitted)).

hardship if funds are deducted from his prison account presents no unique or extraordinary circumstances to that of other non-employed prisoner litigants.  The PLRA method for collection of an assessed filing fee after the initial partial installment (*i.e.*, 20% of the preceding month's income credited to the prison account), ensures that not all of Fowlkes's funds are earmarked to satisfy his debt.      Notwithstanding the above, however, the Court clarifies, for purposes of crediting any funds received or deducted from Fowlkes prison account, that any funds received from his prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.  In other words, Fowlkes's filing fee obligation shall be collected <u>consecutively and not simultaneously</u> with any prior filing fee obligation imposed by any court. <u>See</u> <u>Ruston v. NBC Television</u>, USCA No. 06-4672-cv (2d Cir. 2009) <u>citing</u> <u>Whitfield v. Scully</u>, 241 F.3d 264, 277 (2d Cir. 2001).  <u>See</u> <u>also</u> <u>Lafauci v. Cunningham</u>, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

In light of the above, this Court <u>DENIES</u> Fowlkes's request for relief from his filing fee assessments made in each of his civil (non-habeas) cases imposed by the District Court with respect to the filing of a civil action, pursuant to 28 U.S.C. § 1915(b).  To the extent that Fowlkes seeks relief from the appellate filing fees assessed against him by the United States Court of Appeals for the First Circuit ("First Circuit") with respect to an appeal, the request is also <u>DENIED</u> without prejudice to Fowlkes seeking such relief directly from the First Circuit.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Requests for a Waiver or Deferment of his filing fee obligations imposed by the District Court (docketed as Motions for Leave to Proceed *in forma pauperis* in Civil Action Nos. 05-11749-JLT (Docket No. 87); Civil Action No. 07-12009-LTS (Docket No. 106), and Civil Action No. 06-11699-JLT (Docket No. 84)) are <u>DENIED</u>; and

2. To the extent Plaintiff seeks relief from the appellate filing fees assessed against him by the United States Court of Appeals for the First Circuit ("First Circuit") with respect to an appeal, the request is also <u>DENIED</u> without prejudice to Plaintiff seeking such relief directly from the First Circuit.[6]


SO ORDERED.

                                              /s/ Joseph L. Tauro
                                              JOSEPH L. TAURO
                                              UNITED STATES DISTRICT JUDGE

DATED: November 4, 2010

---

[6]This Memorandum and Order is issued by this Court with the approval of Magistrate Judge Sorokin with respect to Fowlkes's motion filed in Civil Action No. 07-12009-LTS.